Edwabd S. Conway, J.
The first proceeding is a CPLR article 78 proceeding seeking an order directing the respondent Board of Elections of the County of Albany to accept and file petitioner David Sawyer’s designating petition for the office of Alderman of the Twelfth Ward of the City of Albany, and further directing the respondent Board of' Elections to call a primary election to be held for the office of Alderman of the Twelfth Ward of the City of Albany.
The second proceeding is an article 78 proceeding seeking an order directing the said Board of Elections to accept and file petitioner Jane Ramos’ designating petition for the office of Alderman of the Seventh Ward of the City of Albany and further directing the said board to call a primary election to be held for the office of Alderman of the Seventh Ward of the City of Albany.
The third and fourth proceedings are brought by the Democratic Party candidates for Alderman of the wards of the City of Albany seeking an order to permit them to intervene in the first two proceedings herein, and for an order for such other and further relief as may be just. The motion to intervene was granted by consent on the hearing of the motions herein.
The fifth proceeding is one brought by the 10 Republican Party candidates for Alderman pursuant to section 330 of the Election Law for an order declaring valid, proper, sufficient and legally effective the designating petitions heretofore filed in the office of the Board of Elections of the City of Albany designating them as candidates for election to the office of Alderman in the City of Albany, New York in the primary to be held on the 4th day of June, 1973.
In the first two proceedings, the respondent Board of Elections, in its answer, admits that petitioners David Sawyer and Jane Ramos delivered to the board papers purporting to be a designating petition designating the petitioner in each proceeding as a candidate to be the designated candidate of the Democratic Party for the office of Alderman of the Twelfth and Seventh Wards of the City of Albany respectively. The said board further admits that by reason of subdivision 33 of section 149-a of the Election Law of the State of New York, under the circumstances obtaining in the City of Albany, that there shall be no primary election in 1973 for party designation of candidates for the office of Alderman in the City of Albany.
The respondent Board of Elections, for an affirmative defense, alleges that the offices of Alderman of the City of Albany were subject to a proposed apportionment or districting plan which *658 commenced prior to February 12, 1973 and which said apportionment or districting plan for said offices was not in effect on March 12,1973.
The respondent, Board of Elections, for a further affirmative defense, alleges that the City Clerk of the City of Albany has not filed with respondent board any certificate certifying that Aldermen in the City of Albany were offices who lawfully might be voted for in the general election in 1973.
The said respondent board further objects in point of law on the ground that there is no statutory or legal duty on the part of the board to accept for filing petitions designating candidates for party nominations for the office of Alderman in the City of Albany, for the Legislature had provided for no primary election, as heretofore stated, and that therefore this court is without jurisdiction to compel the respondent board to perform a duty not enjoined by law and is without jurisdiction to review any failure by the board to perform an act not enjoined upon the board as a legal duty.
The State Legislature passed an act (L. 1973, eh. 26) which was signed into law amending subdivision 33 of section 149-a of the Election Law as follows: “ Party nominations of a candidate for election to an office to be filled at the nineteen hundred seventy-three general election shall be filled pursuant to the provisions of subdivision seven of section one hundred thirty-one of this chapter, if such office is subject to a proposed apportionment or districting plan commenced, prior to February twelfth, nineteen hundred seventy-three and not in effect on March twelfth, nineteen hundred seventy-three.” (Emphasis added.)
It is one of the contentions of the petitioners that the Albany city districting plan now in effect was not commenced prior to February 12, 1973 and therefore the amendment does! ndt apply to nominations for Alderman in the City of Albany. Petitioners further contend that the said amendment violates section 1 of article I of the New York State Constitution and of the Due Process and Equal Protection Clauses of the United States Constitution.
It is the opinion of this court that the terms of ‘1 Local Law No. 1 —1973 ” passed by the Common Council of the City of Albany, conclusively established that the Albany city districting plan now in effect was not commenced prior to February 12,1973.
Local Law No. 1 —1973 was enacted by the Common Council on Monday, March 19, 1973 to be effective 45 days' after its adoption.
*659 Sections 1, 2 and 6 of said Local Law No. 1 — 1973 provide as follows:
“ Section 1. The County Legislature of the County of Albany having submitted to the Supreme Court, Local Law No. I — 1973 entitled, ‘ Local Law of the County of Albany, State of New York, apportioning the Legislative Districts to comprise the County Legislature of the County of Albany ’ on March 6, 1973, and the Supreme Court of the State of New York having thereafter on the 9th day .of March, 1973 approved the Legislature’s Plan ‘ A ’ as a temporary plan for the conduct of the 1973 general election in November, all in accordance with the constitution and laws of the State of New York and the United States of America, and the said plan having included the realignment of legislative districts within the City of Albany and reducing the number of same from nineteen to sixteen, this Common Council, by reason of the aforesaid, does hereby declare it as its intention to accept and affirm the aforesaid apportionment as and for the election of County legislators by the electorate from each of the respective districts at the next general election, one legislator to be elected from each of the newly established districts, and, in furtherance of this Council’s intent, this Local Law is enacted to establish new wards realigned to coincide with the boundaries of the legislative districts.”
Section 2. Local Law No. 1 of 1929 entitled, ‘ ‘ A Local Law of the City of Albany to amend and supersede Section 1 of Title 2 of Chapter 298 of the Laws of 1883, entitled, ‘ An act to provide for the government of the City of Albany,’ ” passed by the Common Council on May 6,1929, as amended by Local Law No. 1 of 1965 passed on April 19,1965, is hereby amended to change the ward boundaries of the City of Albany, reducing the number of said wards in the City from nineteen to sixteen and described as follows:
“ Section 6. This Local Law shall take effect forty-five days after its adoption.”
It is the opinion of this court that the Common Council of the City of Albany commenced its apportionment plan to realign the new wards of the City of Albany on March 19, 1973 to be effective 45 days after its adoption. This court, therefore, does not reach the constitutional challenge to the statute.
It is the further opinion of this court that all of the petitions filed by the various parties to these proceedings should be considered by the respondent Board of Elections in the same manner as it would have considered them had the amendment to subdivision 33 of .section 149-a of the Election Law, by chapter 26 of the Laws of 1973, not been enacted.